# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:11CV162-DSC

| | |
|---|---|
| DANITA PHARR a.k.a. DANITA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DESIGNLINE USA, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Defendant's Motion for Summary Judgment," Doc. 32, filed on February 13, 2012 and its associated brief and exhibits, Doc. 33. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), the Court issued an Order, Doc. 35, on February 14, 2012, advising *pro se* Plaintiff that she carries the burden of responding to a motion for summary judgment. In that Order, the Court stated the applicable rule, instructed Plaintiff on the method for filing a response and affidavits, and advised that she had until March 1, 2012 to file her response. On February 29, 2012, Plaintiff filed "Plaintiff's Response to Defendant's Motion for Summary Judgment," Doc. 37. On March 15, 2012, Defendant filed "Defendant's Reply Brief in Support of Its Motion for Summary Judgment," Doc. 40.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this Motion is now ripe for the Court's determination.

After fully considering the arguments, the record, and the applicable authority, and having determined that no genuine issue of material fact remains for trial, the Court grants Defendant's Motion, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Viewing the evidence and drawing all inferences therefrom in the light most favorable to Plaintiff, the record contains the following undisputed facts. Plaintiff Danita Pharr is an African–American female. Defendant DesignLine USA, LLC ("DesignLine") is based in Charlotte, North Carolina and manufactures hybrid electric buses as well as other hybrid electric vehicles.

In September 2008, Plaintiff applied with DesignLine for an accounting position. She interviewed with Jack Bailey, DesignLine's President, and also spoke with Michael Floyd, DesignLine's Director of Human Resources and Administration. Bailey told Plaintiff that their accounts payable were in disarray. He advised that she would be helping him in his accounting role and that eventually he expected her to transition into his role. At the time, Bailey was the only DesignLine employee handling accounting responsibilities. Bailey hired Plaintiff and she was given the title of Accounting Manager.

In November 2008, Bailey decided that DesignLine needed a Chief Financial Officer ("CFO") because the company was growing. Bailey interviewed candidates for the CFO position and ultimately hired Mike Autry. Autry became Plaintiff's supervisor. Autry remained with DesignLine a few months before resigning to pursue another opportunity.

After Autry's resignation, DesignLine began to search for a new CFO. Harold Vandeveer was hired on or about March 5, 2009, and given the new title of "Controller." Vandeveer avers that when he began his job as Controller, he reviewed DesignLine's accounts payable and its overall accounting department. He found that Plaintiff was not handling duties that he would have expected of her as an accounting manager, such as bank reconciliations, reconciling balance sheets, and ensuring all expense accruals were properly recorded. He also found deficiencies where

2

DesignLine's expenses were not properly recorded. Vandeveer had Plaintiff continue working with accounts payable while he handled other accounting functions, such as the general ledger, to ensure accuracy. In April 2009, he also hired Tracy Nash as an accounts payable clerk.

In May 2009, Nash learned during a call with a company vendor that DesignLine had made a significant error in accounts payable. Specifically, while the vendor had sent DesignLine an invoice for $75.06, someone handling accounts payable entered a payment into the Company's system for $7,506.00. A check for $7,506.00 was sent to the vendor. Nash approached Vandeveer and told him about the error. She also informed him that she had previously approached Plaintiff about the mistake.

The next day, on or about May 22, 2009, Plaintiff and Nash received written warnings for failing to promptly notify Vandeveer of the error. Plaintiff later returned the disciplinary form to Floyd with her handwritten notes at the bottom. She refused to sign the warning and wrote on it that this was "harassment." Plaintiff did not identify the alleged "harassment" as being based on race or any other protected status.

Prior to these events, Bill Cave, the CFO of the DesignLine's parent company DesignLine International, had been assessing the efficiency of DesignLine's accounting department. Cave determined that the department could be streamlined, and that DesignLine did not need both a Controller and an Accounting Manager. Both Cave and Vandeveer agreed that having a lower paid junior accounting clerk would be preferable to having both a Controller and an Accounting Manager. At the end of May, Cave decided to eliminate the Accounting Manager position. Consequently, on May 29, 2009, Cave and Floyd met with Plaintiff and released her from DesignLine's employ due to elimination of her position. Plaintiff refused to sign her layoff notice. Nevertheless, the company provided Plaintiff with severance pay.

3

Case 3:11-cv-00162-DSC   Document 41   Filed 03/22/12   Page 3 of 13

On June 9, 2009, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination. On January 28, 2011, the EEOC issued Plaintiff a Letter of Dismissal and Notice of Rights informing her of her right to sue. Doc. 1 at Ex. 6. Plaintiff filed her *pro se* Complaint, Doc. 1, on April 5, 2011, alleging that DesignLine subjected her to racial discrimination. Plaintiff claims that DesignLine withheld certain job responsibilities, subjected her to discipline, and ultimately terminated her, all because of her race.

On February 13, 2012, Defendant filed its Motion for Summary Judgment arguing that Plaintiff has failed to present any evidence of discrimination and instead relies only on conclusory allegations. Defendant argues that the uncontroverted evidence contained in the record establishes that there was no correlation between Plaintiff's termination and her race

Defendant's Motion has been fully briefed and is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The Rule provides procedures for establishing the presence or absence of any genuine dispute as to any material fact:

> (c) Procedures.
>
>   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

4

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

Although the moving party bears the initial burden of stating the basis for its motion and identifying what evidence demonstrates the absence of a genuine issue of material fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts are required to be viewed in the light most favorable to the nonmoving party, and where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. See, e.g., Ricci v. DeStefano, 557 U.S. 557, 129 S.Ct. 2658, 2677 (2009) (citation omitted).

"The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Coleman v. United States, 369 F. App'x 459, 461 (4th Cir.2010) (citing Baber v. Hosp. Corp. of Am., 977 F.2d 872, 875 (4th Cir.1992)). Instead, a party asserting that a fact cannot be or is genuinely disputed must cite to particular materials in the record, including depositions, documentary evidence, affidavits and declarations. Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an

5

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In light of these rulings, conclusory statements with insufficient factual support, even when asserted by *pro se* plaintiffs, will simply not suffice.

### III. DISCUSSION

Plaintiff alleges that she was discriminated against based upon her race. Doc. 1 at 2. Plaintiff can show unlawful discrimination by direct evidence of racial animus or by circumstantial evidence under the McDonnell-Douglas burden shifting scheme. Jackson v. Blue Dolphin Comm. of N.C., LLC, 359 F. Supp. 2d 442, 454 (W.D.N.C. 2004); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). If Plaintiff has no direct evidence of discrimination and cannot establish a prima facie case of discrimination under McDonnell-Douglas, summary judgment is proper. Thompson

6

v. Potomac Electric Power Co., 312 F.3d 645, 649 (4th Cir. 2002).

Plaintiff admits that she has no probative evidence to connect any adverse employment action to her race. (Johnson Dep. 151:7-9; 151: 22-152:1; 153:13:22; 169:19-170:15; 172: 4-175:25; 176:3-177:16; 177:23-182:19, 186:7-10; 224: 13-225:20; 226:5-11; 257:8-21; 259:8-263:7) Consequently, the Court finds that Plaintiff has presented no direct evidence of racial discrimination.

Plaintiff must then establish a prima facie case of discrimination under the McDonnell-Douglas burden shifting analysis to survive summary judgment. If the Plaintiff establishes a prima facie case, the burden shifts to the employer to show that there were legitimate non-discriminatory reasons for the employment decisions. If an employer satisfies that requirement, the burden then shifts back to the Plaintiff to show that the employer's proffered reasons are false and a pretext to conceal intentional unlawful discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

To establish a prima facie case of discriminatory discharge, Plaintiff must show that she (1) is a member of a protected class, (2) was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action, (3) suffered an adverse employment action, and (4) was treated differently than similarly situated employees outside her protected class. Id. at 802. In a case where the company's employment decision arises from a position elimination or reduction-in-force, Plaintiff must show that DesignLine did not treat race neutrally in making its decision. See Causey v. Balog, 162 F.3d 795, 802 (4th Cir.1998) (allowing plaintiff who was terminated through reduction in force to satisfy fourth element of prima facie case by showing that employer did not treat age or race neutrally in making decision). In order to establish this element, she must show that DesignLine consciously refused to consider retaining her because of her race, or that DesignLine considered race as a negative factor in its decision. See Fink

7

v. Western Electric Co., 708 F.2d 909 (4th Cir. 1983); Gilyard v. South Carolina Dep't of Youth Services, 667 F. Supp. 266 (D.S.C. 1985).

It is uncontroverted that Plaintiff is a member of a protected class and that she suffered an adverse employment action by the elimination of her accounting position. The pivotal inquiry here is whether at the time of the elimination of her position, Plaintiff was meeting her employer's legitimate expectations. This element requires the Court to focus on the employer's perceptions, not the perceptions of the employee. Jones v. Dole Food Co., Inc., — F. Supp. 2d —, 2011 WL 5119472, at *12 (W.D.N.C. October 27, 2011) (citing Farasat v. Paulikas, 32 F. Supp. 2d 249, 255 (D.Md.1998), aff'd 166 F.3d 1208 (4th Cir.1998)).

It is undisputed that Vandeveer, Plaintiff's supervisor, was dissatisfied with her performance. (Vandeveer Aff. ¶¶ 6-7, 10-11). Plaintiff admitted that Vandeveer discussed his dissatisfaction with her job performance. (Johnson Dep. 160:19-24; 162:5-16; 186:21-187:15; 189:22-190:12). Plaintiff also admitted that she has no evidence that she was meeting expectations. (Johnson Dep. 176:3-177:22)

In her Response, Plaintiff appears to argue that she was performing to DesignLine's expectations by: (1) her denial of any performance concerns; (2) her speculation that she was performing to expectations because she had not been reprimanded; (3) her criticism of the company's business decisions and Jack Bailey's decision to hire Mike Autry; (4) Jack Bailey's purported statement that as long as he had a job, Plaintiff would have a job; (5) her assertion that she was not the only person inputting invoices; and (6) her statement that she did not direct Tracy Nash to conceal an accounting error.

However, none of these assertions are sufficient to establish the second essential element of her prima facie case. Plaintiff relies solely on her own testimony. Her own testimony cannot

8

establish a genuine issue of material fact as to whether she was meeting DesignLine's expectations. King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003). "It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000). Conclusory statements are not evidence of acceptable performance. Thompson v. Potomac Electric Power Co., 312 F.3d 645, 649 (4th Cir. 2002); Evans, 80 F.3d at 959. Bailey's purported statement in May 2009 is not evidence that Plaintiff's was performing well. He was not Plaintiff's supervisor at the time and did not make the decision to eliminate her position. (Bailey Aff. ¶¶ 6-8; Vandeveer Aff. ¶ 2; Cave Aff. ¶ 5; Johnson Dep. 150:10-12). Plaintiff's criticism of Bailey's decision to hire Autry as CFO because he was dissatisfied with her performance is insufficient. The law requires only that the company's employment decisions not be motivated by an unlawful factor.

> 'Title VII is not a vehicle for substituting the judgment of a court for that of the employer.' … [T]his Court 'does not sit as a kind of superpersonnel department weighing the prudence of employment decisions…Our sole concern is whether the reason for which the defendant discharged the plaintiff was discriminatory.

DeJarnette v. Corning Inc., 133 F.3d 293, 298-99 (4th Cir. 1998)(citations omitted). Finally, Plaintiff's denial that she directed Nash to hide an accounting error is not evidence of acceptable performance. In fact, the evidence is to the contrary. (Vandeveer Aff. ¶¶ 8-9; Second Floyd Aff.)

With respect to the fourth element of her prima facie case, Plaintiff admits she has no evidence that DesignLine took race into consideration when it decided to eliminate the Accounting Manager position or that it refused to consider keeping her because of her race. (Johnson Dep. 171:10-176:25). She admits that she has no evidence DesignLine intended to discriminate against her based on race. (Johnson Dep. 186:7-10) In fact, she admits that she does not even know who

9

made the decision to eliminate her position and separate her from DesignLine's employ. (Johnson Dep. 151:11-12).

Bill Cave made the ultimate decision to eliminate Plaintiff's position. (Cave Aff. ¶ 4; Vandeveer Aff. ¶ 14; Floyd Aff. ¶ 13) Cave avers that he did not consider Plaintiff's race when he made the decision. (Cave. Aff. ¶ 7) Plaintiff has no evidence to refute Cave's testimony. (Johnson Dep. 180:3-181:15) Plaintiff further admits that she does not believe that Cave harbored any racial animus against her or in general. (Johnson Dep. 154:4-14, 182:20-183:3, 184:10-13)

While a plaintiff may rely on factual allegations and inference to avoid dismissal at earlier stages of litigation, at summary judgment it is necessary for a plaintiff-even a *pro se* plaintiff- to provide sufficient evidence so that a reasonable jury may find in her favor. Plaintiff has failed to present any evidence that her performance was satisfactory to DesignLine and admits she has no such evidence. Plaintiff has failed to present any evidence that DesignLine did not treat race neutrally in its decision. There is no genuine dispute as to any material fact and DesignLine is entitled to judgment as a matter of law. See Wainright v. Carolina Motor Club, Inc., No. 1:03 CV 01185, 2005 WL 116463, at *7-9 (M.D.N.C. Apr. 27, 2005)(plaintiff failed to offer any objective evidence that she was meeting her employer's legitimate performance expectations, and thus her evidence was "insufficient to create a triable issue of fact that she was meeting the legitimate expectations of [her employer].")(granting summary judgment for employer).

Even assuming arguendo that Plaintiff has established a prima facie case of racial discrimination, DesignLine has responded with a legitimate, nondiscriminatory reason for its employment decision. The Accounting Manager position was duplicative and no longer necessary to the company. Therefore, Plaintiff was terminated for legitimate business reasons. (Cave Aff. ¶¶ 3-5)

10

Since DesignLine can articulate a nondiscriminatory reason for its employment decision, "the burden shifts back to the plaintiff to demonstrate that the employer's reasons are not true but instead serve as a pretext for discrimination." Hoyle v. Freightliner, LLC, 650 F.3d 321, 336 (4th Cir. 2011). Plaintiff has produced no evidence that DesignLine's stated legitimate business reason is not true. She admits that it was not her job to evaluate the staffing needs of the company. (Johnson Dep. 143:18-24; 146:20-23; 186:11-16). Plaintiff admits that she does not know who eliminated her position. She also admits that she does not believe that Bill Cave, the person who eliminated her position, discriminates based on race. (Johnson Dep. 151:11-12, 154:4-5, 182:20-183:3, 184:10-13) Plaintiff has failed to establish that Defendants' alternative nondiscriminatory motive was a pretext for discrimination.

Although Plaintiff's Complaint centers on the elimination of her position due to alleged racial discrimination, she also asserts that she was disciplined for a white female co-worker's error. In an abundance of caution, the Court will examine this as a separate claim. To establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures, Plaintiff must show: (1) that she is a member of a protected class; (2) that the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the protected class; and (3) that the disciplinary measures enforced against her were more severe than those enforced against those other employees. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir.1993); Moore v. City of Charlotte, 754 F.2d 1100, 1105–06 (4th Cir.1985).

Plaintiff admits that she has no evidence that the disciplinary action concerning the payment error was racially motivated. (Johnson Dep. 169:19-171:9) Her white co-worker, Tracy Nash, received the same written discipline for the same conduct. (Vandeveer Aff. ¶ 11; Johnson Dep. 162:17- 163: 20) Vandeveer avers that the two employees were disciplined for failing to promptly

11

notify him of the error. (Vandeveer Aff. ¶ 11) The Disciplinary Counseling Form states that "[Plaintiff] Failed to inform Controller of check error....the issue is not informing Controller of error in a timely manner." Doc. 1 at Ex. 3. This contradicts Plaintiff's assertion in her Complaint that she was disciplined for the error itself which she contends was the responsibility of her white co-worker. Plaintiff only offers that her "gut" and her experience in dealing with people lead her to believe that she was disciplined based on her race. (Johnson Dep. 170:22-171:4) As discussed above, Plaintiff's speculation or "gut" is not sufficient to show race discrimination. Evans, 80 F.3d at 960 ("While a Title VII plaintiff may present direct or indirect evidence to support her claim of discrimination, unsupported speculation is insufficient.").

Plaintiff has not brought forth evidence to prove that DesignLine's disciplinary decisions were based on race. She has also failed to demonstrate that she was treated differently from any employee outside of the protected class who engaged in misconduct similar to hers. Therefore, there is no geniune issue of material fact and the Court will grant summary judgment for Defendant as to this claim.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. "Defendant's Motion for Summary Judgment," Doc. 32 is **GRANTED** and Plaintiff's Complaint, Doc. 1, is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff and Defendant's counsel**.**

### IV. ADVICE OF APPELLATE RIGHTS

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders

12

involving pro se litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), Plaintiff is hereby advised of her right to appeal this decision to the United States Court of Appeals for the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is thirty (30) days from entry of this Order. Failure to file a Notice of Appeal within the first thirty (30) day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second thirty (30) day period after entry of judgment. Fed. R.App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir.1986).

**SO ORDERED, ADJUDGED AND DECREED.**

Signed: March 22, 2012

David S. Cayer
United States Magistrate Judge